## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| ZACHERY LEWTON,            ) | |
| 292 West High St.            ) | |
| Lisbon, OH 44432            ) | |
|                               ) | |
|      Plaintiff,           ) | |
|                               ) | |
|      v.                  ) | Case No. 4:14-cv-2455 |
|                               ) | |
| PORTFOLIO RECOVERY      ) | |
| ASSOCIATES, LLC,          ) | |
| 120 Corporate Blvd.         ) | |
| Norfolk, VA 23502          ) | |
|                               ) | |
|      Defendant.         ) | |

## PLAINTIFF'S COMPLAINT

Plaintiff, ZACHERY LEWTON ("Plaintiff"), through his attorney, Jack S. Malkin, Esq. alleges the following against Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. 1692, et seq.

2. Count II of Plaintiff's Complaint is based on the Electronic Fund Transfer Act, 15 U.S.C. 1693 et seq. ("EFTA").

3. Count III of Plaintiff's Complaint is based on the Telephone Consumer Protection Act., 47 U.S.C. 227, et seq. ("TCPA").

4. The TCPA was designed to prevent calls and text messages like the ones described herein, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about

abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

5.  In enacting the TCPA, Congress intended to give consumers a choice as to how corporate similar entities may contact them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub. L. No. 102–243, § 11. In support of this, Congress found that

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id*. at § 12; see also Martin v. Leading Edge Recovery Solutions, LLC, 2012 WL 3292838, at* 4 (N.D.Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

6.  Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." Id. at §§ 12-13. See also, Mims, 132 S. Ct. at 744.

7.  As Judge Easterbrook of the Seventh Circuit recently explained in a TCPA case regarding calls to a non-debtor similar to this one:

> The Telephone Consumer Protection Act …is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

2

Soppet v. Enhanced Recovery Co., LLC, 679 F.3d 637, 638 (7th Cir. 2012).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## JURISDICTION AND VENUE

1. This Court has jurisdiction under 28 U.S.C. §§1331, 1367, 15 U.S.C. §1692k (FDCPA), and 15 U.S.C. 1693(m) (EFTA).

2. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3. This Court has jurisdiction over Plaintiff's TCPA claim pursuant to *Mims v. Arrow Financial Svcs. LLC*, 132 S. Ct. 740, 2012 WL 125249 (Jan. 18, 2012).

4. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

5. Plaintiff is a natural person residing in Lisbon, Columbiana County, Ohio.

6. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3).

7. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

8. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6).

9. Defendant is a collection agency located in Norfolk, Virginia.

10. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

11. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

12. When an unpaid, outstanding account is placed with Defendant it is assigned a file number.

13. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

14. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

15. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

16. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

17. Defendant is attempting to collect an alleged consumer debt from Plaintiff.

18. The alleged debt at issue arises from transactions for personal, family, and household purposes.

19. Defendant calls Plaintiff on Plaintiff's cell phone number at 330-429-xxxx in an attempt to collect the alleged debt.

20. Defendant calls at an annoying and harassing rate, calling Plaintiff once a day on his cell phone.

21. In or around August 2013, Defendant began placing collection calls to Plaintiff.

22. In or around August 2013, Plaintiff answered one of Defendant's phone calls.

4

23. When Plaintiff answered Defendant's phone call he was connected to an automated message before being connected to one of Defendant's collectors.

24. During the aforementioned conversation, Defendant threatened to sue Plaintiff if Plaintiff did not pay the alleged debt.

25. During the aforementioned conversation, Plaintiff asked Defendant to stop calling him.

26. Despite Plaintiff's request for Defendant to stop calling Plaintiff regarding the alleged debt, Defendant continued to call Plaintiff in an attempt to collect on the alleged debt.

27. In or around November 2013, Plaintiff orally agreed with one of Defendant's collectors to allow monthly payments to be drawn from Plaintiff's personal checking account and paid towards Plaintiff's outstanding account balance.

28. Defendant did not provide to Plaintiff, nor did Plaintiff execute, any written or electronic writing memorializing or authorizing the recurring or automatic payments.

29. Plaintiff did not provide Defendant either with a written or an electronic signature authorizing the recurring or automatic payments.

30. The payment plan which Defendant induced Plaintiff to enter into required Plaintiff to make a payment of $110.00 on the last Friday of every month.

31. All payments were drawn from Plaintiff's personal checking account.

32. Plaintiff did not provide Defendant with written authorization to authorize the automatic payment.

33. Defendant's conduct as described above was intended to harass, coerce, and intimidate Plaintiff into payment of the alleged debt, or to increase the amount Plaintiff was willing to pay.

5

34. Defendant called Plaintiff using an autodialer system.

35. Defendant used an "automatic telephone dialing system", as defined by 47 U.S.C. § 227(a)(1), to place its repeated collection calls to Plaintiff seeking to collect the debt allegedly owed.

36. Defendant's phone system has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

37. Plaintiff never provided Plaintiff's cellular telephone number to Defendant and never provided Plaintiff's consent to Defendant to be contacted on Plaintiff's cellular telephone.

38. If Defendant at one time had consent to place calls to Plaintiff's cellular telephone number, it no longer has consent to call Plaintiff after being instructed by Plaintiff to cease all calls to him.

39. Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

40. Defendant's calls were placed to telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

41. Plaintiff is not a customer of Defendant's services, and has never provided any personal information, including Plaintiff's cellular telephone number, to Defendant for any purpose whatsoever.

42. Accordingly, Defendant never received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on Plaintiff's cellular telephone pursuant to 47 U.S.C. 227(b)(1)(A).

43. The natural consequences of Defendant's statements and actions was to unjustly condemn and vilify Plaintiff for his non-payment of the debt he allegedly owes.

44. The natural consequences of Defendant's statements and actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

45. The natural consequences of Defendant's statements and actions was to cause Plaintiff mental distress.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

46. Defendant violated the FDCPA based on the following:

    a. Defendant violated §1692d of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt when Defendant called Plaintiff every day on his cell phone;

    b. Defendant violated §1692d(5) of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff, when Defendant continuously called Plaintiff after he told Defendant to stop calling him; and

    c. Defendant violated §1692e(5) of the FDCPA by threatening to take any action that cannot legally be taken or that is not intended to be taken when Defendant told Plaintiff that Defendant would file a lawsuit against Plaintiff if he did not pay the alleged debt.

WHEREFORE, Plaintiff, ZACHERY LEWTON, respectfully requests judgment be entered against Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC, for the following:

7

47. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k.

48. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k.

49. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE ELECTRONIC FUND TRANSFER ACT

50. Plaintiff repeats and re-alleges paragraphs 1-45 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

51. Section 907(a) of the EFTA, 15 U.S.C. §1693e(a), provides that a "preauthorized electronic fund transfer from a consumer's account may be authorized by the consumer only in writing, and a copy of such authorization shall be provided to the consumer when made."

52. Section 903(9) of the EFTA, 15 U.S.C. § 1693a(9), provides that the term "preauthorized electronic fund transfer" means "an electronic fund transfer authorized in advance to recur at substantially regular intervals."

53. Section 205.l0(b) of Regulation E, 12 C.F.R. § 205.l0(b), provides that "[p ]reauthorized electronic fund transfers from a consumer's account may be authorized only by a writing signed or similarly authenticated by the consumer.  The person that obtains the authorization shall provide a copy to the consumer."

54. Section 205.10(b) of the Federal Reserve Board's Official Staff Commentary to Regulation E, 12 C.F.R. § 205.l0(b), Supp. I, provides that "[t]he authorization process should evidence the consumer's identity and assent to the authorization."  *Id.* at ¶10(b), comment 5.  The Official Staff Commentary further provides that "[a]n authorization is valid if it is readily identifiable

as such and the terms of the preauthorized transfer are clear and readily understandable." *Id.* at ¶10(b), comment 6.

55. Defendant debited Plaintiff's checking account on a recurring basis without obtaining a written authorization signed or similarly authenticated from Plaintiff for preauthorized electronic fund transfers from Plaintiff's account, thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.l0(b).

56. Defendant debited Plaintiff's checking account on a recurring basis without providing to Plaintiff a copy of a written authorization signed or similarly authenticated by Plaintiff for preauthorized electronic fund transfers from Plaintiff's account, thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.l0(b).

WHEREFORE, Plaintiff, ZACHERY LEWTON, respectfully requests judgment be entered against Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC, for the following:

57. Actual damages;

58. Statutory damages of $1,000.00 pursuant to the Electronic Fund Transfer Act, §916(a)(2)(A);

59. Costs and reasonable attorneys' fees pursuant to the Electronic Fund Transfer Act, §916(a)(3); and

60. Any other relief this Honorable Court deems appropriate.

## COUNT III
## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

61. Plaintiff repeats and re-alleges paragraphs 1-45 of Plaintiff's Complaint as the allegations in Count III of Plaintiff's Complaint.

62. Defendant's conduct violated the TCPA by:

    a. Placing non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system and/or pre-recorded or artificial voice in violation of 47 U.S.C. § 227 (b)(1)(A)(iii) when Defendant called Plaintiff using an autodialer system.

63. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

64. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

65. Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

WHEREFORE, Plaintiff, ZACHERY LEWTON, respectfully requests judgment be entered against Defendant, PORTFOLIO RECOVERY ASSOCIATES., for the following:

66. As a result of Defendant's negligent violations of 47 U.S.C. 227(b)(1), Plaintiff is entitled to and requests $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B).

67. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B) and 47 U.S.C. 227(b)(3)(C).

68. Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

69. Any other relief that this Honorable Court deems appropriate.

DATED:  November 6, 2014          RESPECTFULLY SUBMITTED,


By: /s/ Jack S. Malkin
      Jack S. Malkin, Esq.
      Ohio Bar Number: 0034018
      20521 Chagrin Blvd., Suite E
      Shaker Heights, OH 44122
      Tel: 216-751-7708
      jmalkin23@hotmail.com
      Attorney for Plaintiff